## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ERICA JONES, CRYSTAL WINTER and SELISHA BROOKS on Behalf of Themselves and on Behalf of All Others Similarly Situated,** | § § § § § | |
| **Plaintiffs,** | § § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **JGC DALLAS LLC and BRYAN SCOTT FOSTER,** | § § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

## SUMMARY

1.      JGC Dallas LLC and Bryan Scott Foster (hereinafter "Defendants") require and/or permit Erica Jones, Crystal Winter and Selisha Brooks (hereinafter "Plaintiffs") to work as exotic dancers at their adult entertainment clubs in excess of forty (40) hours per week, but refuse to compensate them at the applicable minimum wage and overtime rates.   In fact, Defendants refuse to compensate them whatsoever for any hours worked.    Plaintiffs' only compensation is in the form of tips from club patrons. Moreover, Plaintiffs are required to divide their tips with Defendants and other employees who do not customarily receive tips.  Therefore, Defendants have failed to compensate Plaintiffs at the federally-mandated minimum wage rate.

2.       Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

3.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. § 206.

4.      Plaintiffs bring a collective action to recover unpaid overtime compensation and minimum wage owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants throughout Texas and Arizona.   Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' headquarters is located in this District.

## PARTIES AND PERSONAL JURISDICTION

7.      Plaintiff Erica Jones is an individual residing in Taylor County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

8.      Plaintiff Crystal Winter is an individual residing in Taylor County, Texas.   Plaintiff's written consent to this action is attached to this Complaint as "Exhibit B."

9.      Plaintiff Selisha Brooks is an individual residing in Taylor County, Texas.   Plaintiff's written consent to this action is attached to this Complaint as "Exhibit C."

10.     The Class Members are all current and former exotic dancers who worked throughout Texas and Arizona at one or more of Defendants' adult entertainment clubs at any time starting three years before this Complaint was filed up to the present.

11.     Defendant JGC Dallas LLC is a domestic limited liability company doing business in Dallas, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows:  Kevin Richardson, 11327 Reeder Road, Dallas, Texas 75229.

12.     Defendant Bryan Scott Foster is an individual residing in Texas. This Defendant may be served at his personal residence at the following address: 7000 Stinnett, Plano, Texas 75024.

## FACTS

13.     Defendants operate various adult entertainment clubs throughout the state of Texas and Arizona under the name of Jaguars Gold Club.  Said locations include, but are not limited to their Texas locations in Abilene, Edinburg, El Paso, Harlingen, Longview, Lubbock, and Odessa, as well as a Phoenix, Arizona location.

14.     Defendants employ exotic dancers at all of its aforementioned locations.

15.     Plaintiffs are currently employed as exotic dancers at Defendants' adult entertainment clubs.  They work on a regular basis and have worked at Defendants' various clubs including, but not limited to the ones in Abilene, Dallas, Fort Worth, Odessa and Lubbock.

16.     Plaintiffs are compensated exclusively through tips from Defendants' customers.  That is, Defendants do not pay Plaintiffs whatsoever for any hours worked at their establishments.

17.     Furthermore, Defendants charge the Plaintiffs a "house fee" per shift worked.  Defendants also require Plaintiffs to share their tips with a "house mom," the DJ, and other non-service employees who do not customarily receive tips.

18.     Finally, Defendants encourage their customers to tip dancers using house certificates rather than cash. Under this system, customers purchase certificates from the club using their credit cards.  Customers then redeem the certificates for dances with Plaintiffs. When Plaintiffs turn in the certificates to the clubs for cash, Defendants do not return the full value to them, but instead retain a portion of the tips.  This resulted in Defendant taking a portion of the tips that should have been paid to the dancer. This portion grossly exceeds the fee paid by the club as a merchant fee to the credit card companies.

19.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour.  Defendants also violated 29 U.S.C. § 203(m) when they failed to notify the Plaintiffs about the tip credit allowance (including the amount to be credited) before the credit was utilized.  That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were.  Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of their tips and instead required that they divide their tips amongst other employees who do not customarily and regularly receive tips.  Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

20.     Defendants misclassified Plaintiffs as independent contractors to avoid their obligation to pay them pursuant to the FLSA.  However, Plaintiffs are employees of

Defendants.  The following demonstrate their status employees:

A.     Defendants have the sole right to hire and fire Plaintiffs;

B.     Defendants required Plaintiffs to complete an employee application as a prerequisite to their employment;

C.     Defendants made the decision not to pay Plaintiffs' overtime;

D.     Defendants provide the Plaintiffs with music equipment and a performing stage;

E.     Defendants supervise the Plaintiffs;

F.     Defendants required that Plaintiffs purchase their uniforms;

G.     Plaintiffs have made no financial investment with Defendants' business;

H.     Defendants schedule Plaintiffs and as such have sole control over their opportunity for profit;

I.     Defendants apply a fine to the Plaintiffs if they fail to follow Defendants' schedule; and

J.     Plaintiffs were hired as permanent employees and have worked for Defendants for years.

21.     Plaintiffs are not exempt from the overtime and minimum wage requirements under the FLSA.

22.     Although Plaintiffs are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendants.

23.     Moreover, Plaintiffs were not compensated at the federally mandated minimum hourly wage.

24.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.   Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA.

## FLSA COVERAGE

25.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

26.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

27.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

28.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

29.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

30.     Defendant Bryan Scott Foster is the owner and manager of Jaguars Gold Clubs.

31.     As the owner and manager of Jaguars Gold Clubs, Defendant Bryan Scott Foster employed the Plaintiffs and Class Members as employees who danced for and entertained customers.

32.     Defendant Bryan Scott Foster controlled the nature, pay structure, and employment relationship of Plaintiffs and Class Members.   As such, pursuant to 29 U.S.C. § 203(d), Defendant Bryan Scott Foster acted directly or indirectly in the interest of Plaintiffs' and Class Members' employment as their employer, which makes him individually liable under the FLSA.

33.     With respect to Defendant Bryan Scott Foster, at all times relevant to this lawsuit, he had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.   He was responsible for the day-to-day affairs of the clubs. In particular, he was responsible for determining whether his clubs complied with the Fair Labor Standards Act.

34.     The Jaguars Gold Club is a family of gentlemen's clubs.   Indeed, they advertise themselves as such.[1]   The fact that they run each club identically and their customers can expect the same kind of entertainment service regardless of the location is Defendants' main advertising selling point.   In fact, Defendants use the identical "Club Info" and "Dress Code" information for every club location, including the one in Phoenix, Arizona.   Defendant Bryan Scott Foster is the head of the Jaguars Gold Club family of gentlemen's clubs.

35.     Defendants represent themselves to the general public as one club— Jaguars Gold Club—operating at multiple locations.   They share employees, have a common management, pool their resources, operate from the same headquarters, have

---

[1] On the Defendants' website, clicking on the links to each of the club's different locations brings one to the text: "The *Jaguars family* would like to invite you to experience the only Las Vegas style gentleman's club in South Texas." (emphasis added).

common ownership, and have the same operating name.  This is a family of clubs that advertises together on the same website, provides the same array of services to its customers, and uses the same gentlemen's club business model.  They share many of the same exotic dancers to draw in customers. The "Jaguars Gold Club" family of clubs exists under the control and direction of Defendants.  This family of clubs provides the same service product to its customers by using a set formula when conducting its entertainment business.  Part of that set formula is the wage violation alleged in this complaint.  These facts represent a classic example of "corporate fragmentation."

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

36.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

37.     Defendants' practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.  In fact, Defendants do not compensate them whatsoever for any hours worked.

38.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206

39.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

40.     Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.   In fact, Defendants do not

compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

41.      None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

42.      Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.  That is, Plaintiffs work with other dancers throughout Texas, including but not limited to the clubs in Dallas, Fort Worth, Abilene, Odessa and Lubbock.  As such, they have first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.  Furthermore, other exotic dancers at Defendants' various establishments have shared with them similar pay violation experiences as those described in this complaint.

43.      Other employees similarly situated to the Plaintiffs work or have worked for Defendants' gentlemen's club businesses, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

44.      Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

45.     The Class Members perform or have performed the same or similar work as the Plaintiffs.

46.     Class Members regularly work or have worked in excess of forty hours during a workweek.

47.     Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

48.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

49.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

50.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

51.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

52.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

53.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

54.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.

Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

55.    As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' current and former exotic dancers who worked at any of the Jaguars Gold Club locations including but not limited to Abilene, Edinburg, El Paso, Harlingen, Longview, Lubbock, Odessa, Dallas, Ft. Worth, Austin and Phoenix, Arizona at any time starting three years before this Complaint was filed up to the present.**

## DAMAGES SOUGHT

56.    Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

57.    Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

58.    Plaintiffs are also entitled to all of the misappropriated tips.

59.    Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

60.    Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

61.    Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

62.    For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.     Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.     All unpaid wages at the FLSA mandated minimum wage rate;

c.     All misappropriated tips;

d.     An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.     Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

f.     Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Galvin B. Kennedy_____
        Galvin B. Kennedy
        gkennedy@kennedyhodges.com
        State Bar No. 00796870
        711 W. Alabama St.
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE for
PLAINTIFFS & CLASS MEMBERS

OF COUNSEL:
Ricardo J. Prieto (Federal bar admission for the Northern District of Texas pending)
State Bar No. 24062947
rprieto@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116