UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA JONES, CRYSTAL WINTER and SELISHA BROOKS on Behalf of Themselves and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:11-cv-02743-O |
| V. | § § | JURY TRIAL DEMANDED |
| JGC DALLAS LLC and BRYAN SCOTT FOSTER et al., | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' 12(B)(6) MOTION TO DISMISS
DEFENDANTS' COUNTERCLAIMS**

Erica Jones, Crystal Winter and Selisha Brooks, on Behalf of Themselves and on Behalf of All others Similarly Situated, ("Plaintiffs") move for dismissal of Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully state as follows:

**SUMMARY**

Plaintiffs have been employed as dancers at Jaguars Gold Club ("Jaguars"), a chain of adult entertainment nightclubs in Texas and Arizona. On October 14, 2011, Plaintiffs filed a putative collective action against their employer for misclassifying them as independent contractors and for minimum wage and overtime violations of the Fair Labor Standards Act. (*See* Doc. No. 1). In their Answer, Jaguars raised the following counterclaims: (a) Breach of Agreement – Offset Damages and (b) Unjust Enrichment – Offset (Alternatively). (*See* Doc.39; at 'Counter-Claim' ¶¶ 1-42). However, Jaguars failed to state counterclaims upon which relief can be granted. First, Defendants'

counterclaims for offsets allegedly owed by the Plaintiffs are not permitted here because the result would be a sub-minimum wage, and as such no cause of action for set-offs exist in this FLSA case pursuant to controlling Fifth Circuit authority. Second, even if such claims were permissible, Defendants' counterclaims are conditioned on an alleged breach which has yet to occur. Defendants' allegations of anticipatory breach do not equate to an actual breach of agreement. As such, without an actual breach or wrongdoing by the Plaintiffs, no claim for breach of agreement or unjust enrichment can exist. Third, Defendants' counterclaims are based on a legal impossibility. Defendants' counterclaim presupposes plaintiffs prevail on their FLSA claim; but for Plaintiffs to prevail on their FLSA claim, the court would have to have ruled that the alleged contract that forms the basis of the counterclaim violated the FLSA. Lastly, the counterclaims are retaliatory and violate the court's prior order. For these reasons, Plaintiffs now move for dismissal of the counterclaims pursuant to Rule 12(b)(6).

## ARGUMENT & AUTHORITY

### A. Legal standard for dismissal under Rule 12(b)(6).

Rule 12(b)(6) allows for dismissal of a claim when a party has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a party's allegations contain a short and plain statement of the claim showing that they are entitled to relief. Fed. R. Civ. P. 8(a)(2). In *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007), the U.S. Supreme Court interpreted this requirement to mean that the claim must provide: (1) sufficient detail such that parties have fair notice of the claim and the grounds upon which it rests; and (2) sufficient facts that plausibly suggest, beyond a speculative level,

that the aggrieved party has a right to relief. *Id.* at 555-56.

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that, to survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when a party has pled factual content that allows this Court to draw the reasonable inference that the opposing party is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). But where the well-pleaded facts do not permit this Court to infer more than the mere possibility of misconduct, the Complaint has just alleged—and not "shown"—that the aggrieved party is entitled to relief, and dismissal of the claim is appropriate. *Id.* at 1950; *see* Fed. R. Civ. P. 8(a)(2).

### B. Dismissal is proper because Jaguars' counterclaims fail to meet the pleading standards set forth in Rule 12(b)(6) and *Twombly/Iqbal*.

Jaguars' counterclaims can be summarized as follows: Jaguars alleges that the Plaintiffs agreed to perform at its night clubs pursuant to a Licensing and Lease Agreement (Temporary Space Lease or "TSL"). Jaguars further alleges that pursuant to these agreements, the Plaintiffs are to pay a portion of the dance proceeds in the form of rent or some other category. Even though Plaintiffs have paid a portion of the dance proceeds to Jaguars, and to date continue to do so as Jaguars has conditioned their employment on this "agreement," Jaguars counterclaims that by filing this lawsuit Plaintiffs breached the agreement because of the anticipated end of its illegal pay practice it has conducted under the guise of a TSL agreement. Jaguars has alleged both its breach of agreement and unjust enrichment counterclaims as offsets.[1]

---

[1] The phrase "setoff" and "offset" are used interchangeably in the relevant case law.

### 1. Jaguars has no cause of action for set-offs in this FLSA case.

Counterclaims like those asserted by Jaguars are not permitted in FLSA cases. The Fifth Circuit explained the rationale for forbidding counterclaims in FLSA cases:

> The FLSA decrees a minimum unconditional payment and the commands of [the FLSA] are not to be vitiated by an employer. . . . [The court's] sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The *only* economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .

*Brennan v. Heard*, 491 F. 2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (emphasis added).

The Tenth Circuit has stated an FLSA claim is enforcement of a public right. Permitting private counterclaims, "real or imagined . . . would delay and even subvert" the goals of the FLSA by further delaying the payment of lawfully owed wages. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). Thus, such counterclaims are simply not permitted in FLSA cases. *See Marshall v. Wallace Oil Co., Inc.,* 1980 WL 2101, at *2; 24 Wage & Hour Cas. 1059 (N.D. Ga. 1980) (striking employer's counterclaim for amounts employees borrowed from their employer). *American Jurisprudence* summarizes this area of law, stating "an employer may not counterclaim for overpayments or other sums owed by employees where suit . . . [concerns] FLSA violations, including the violation of the minimum wage and overtime compensation provisions." 48A Am. Jur. 2d *Labor and Labor Relations* § 4588 (2004).

4

This same issue has been presented before courts in the Northern District of Texas. *See, e.g.*, *Willins v. Credit Solutions of America, Inc.,* 2010 WL 624899 (N.D. Tex 2010). In *Willins,* the employer paid its employees commissions for selling its services to customers. However, the employer alleged that those commissions were not fully earned unless and until the employer earned its fees from the customer, and that the employer had a contractual right to adjust those commission payments if customers cancel orders on which the employer had already paid commission to its employees. In its amended answer, Credit Solutions of America, Inc. asserted counterclaims seeking a set off prepayments of allegedly unearned commissions against whatever liability it may incur as a result of the employees' FLSA claims. The Court, relying on *Brennan,* reasoned that employer's counterclaims for set-off were barred because they would result in the employee's compensation to fall below the minimum requirements for overtime pay. *Id* at *3.

In this case, Jaguars' set-off counterclaims would also result in the Plaintiffs' compensation falling below the minimum wage. The Plaintiffs received no compensation whatsoever from Jaguars. The Plaintiffs' sole compensation was tips received from club patrons. Jaguars also required the Plaintiffs to pay "house fees" and miscellaneous fines. To further compound the wage violation, Plaintiffs were forced to share their tips with Jaguars' management and its other employees who did not customarily and regularly receive tips. Under the present circumstances, Plaintiffs are compensated well below minimum wage; indeed, because no tip credit is allowed, each dancer runs a deficit vis-à-vis Jaguars every week of approximately $30 per day worked. To allow a set-off to Jaguars would further result in the Plaintiffs' compensation to fall well below the

minimum FLSA wage requirements. Therefore, the setoff counterclaims for breach of agreement and unjust enrichment by Jaguars are not permitted in this case and must be dismissed.

### 2. Jaguars failed to sufficiently plead facts that plausibly suggest that an agreement was breached by the Plaintiffs.

Jaguars alleges in its counterclaims that it is entitled to an offset for damages suffered as a result of Plaintiffs' breach of the TSL agreements. Of course, for its counterclaims to exist, Jaguars must allege facts of an actual breach as a preexisting condition to bringing the claim. However, in its counterclaims, Jaguars only alleges an anticipatory breach in the future if it is determined to owe the Plaintiffs unpaid wages and additional damages pursuant to the FLSA. As such, Jaguars has pled that no actual breach of agreement has occurred at this time or may ever occur. In fact, to this day the dancers continue to pay dance fees to Jaguars as a precondition to their employment with no pay from Jaguars for minimum wage or overtime. The illegal pay practice continues and no breach, as alleged by Jaguars in its counterclaims has yet to occur. The facts as plead by Jaguars in its counterclaims do not permit this Court to infer the possibility of a breach of agreement. In fact, the allegations as plead by Jaguars show that no breach has occurred or may ever occur and Jaguars is, therefore, not entitled to relief and dismissal of the counterclaims is appropriate.

### 3. Under no legal circumstance could Jaguars prevail on its counterclaim because it is based on a legal impossibility.

Even worse, Jaguars presents a claim that is logically and legally impossible. As stated above, if the dancers do not prevail on their FLSA claim, then Jaguars has no counterclaim because Jaguars will not have to refund the "stage rental fee" paid by the

6

dancers. Jaguars argues that if Plaintiffs prevail on their minimum wage and overtime claims, then Jaguars will be required to return the illegal "stage rental fee" to the dancers and pay them minimum wage and overtime owed. Jaguars then argues that such damages, if ordered by the court, would mean that the dancers breached the TSL by forcing Jaguars to return the "stage rent fees" under the TSL, plus minimum wage. Yet, the dancers can only prevail on their minimum wage claim if the court finds that the payments made under the TSL violated the FLSA minimum wage provisions and, therefore, warrant return of such "stage rental payments" plus $7.25 per hour worked for the last three years. In other words, if the dancers prevail on their claim (the alleged breach of agreement), the TSL will have been found to violate the FLSA because it forces employees to pay the employer for the privilege of working.

> **4. This court has already admonished the Defendant to avoid any retaliatory conduct against the plaintiffs and putative class members. The Counterclaims violate the Court's order and is a continuation of their plan to discourage plaintiffs from exercising their rights.**

This court ordered that a notice be sent to the dancers who were presented with the "Performance License and Temporary Space Lease Agreement." (*See* Ex. 1, Dkt. No. 31). The court notice provided:

> A. Jaguars Gold Club will not retaliate against anyone for joining the lawsuit seeking back pay. Retaliation is illegal under the law. Therefore, Jaguars Gold Club will not terminate your working relationship, reduce your hours, intimidate or harass you, or otherwise change your relationship because you have joined this lawsuit, if you so choose.
>
> B. If you signed the PERFORMANCE LICENSE AND TEMPORARY SPACE LEASE AGREEMENT and chose to be an "independent contractor," that document has no effect on your right to bring a claim for wages that are owed to you.

7

*See id.* Jaguar's Counterclaims for damages that would cut into the wages that are found to be due under the FLSA violates Court's order in two important respects. First, it is blatantly retaliatory. Courts have recognized that a lawsuit or counterclaim can constitute retaliation against a current or former employee under the anti-retaliation provision of the FSLA, 29 U.S.C. § 215(a)(3). *See e.g., Darveau v. Detecon, Inc.,* 515 F.3d 334, 340–44 (4th Cir.2008) (relying on "the almost uniform practice of courts" in applying Title VII case law in interpreting comparable provisions in other federal statutes such as anti-retaliation provisions, holding that *Darveau* had stated a cognizable claim under FLSA when he alleged that his employer, without reasonable basis in law or fact, filed a retaliatory lawsuit against him for fraud), *citing Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1406–08 (10th Cir.1992) (holding that an employer's third-party complaint for indemnity against four former employees could, as a matter of law, qualify as unlawful retaliation under the FSLA). *See, e. g., Munroe v. Partsbase, Inc.,* No. 08–80432–CIV., 2009 WL 413721, *7–9 (S.D.Fla. Feb.18, 2009) (and numerous cases cited therein). In fact, a lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation. *Martinez v. Deaf Smith County Grain Processors*, 583 F. Supp. 1200, 1209 (N.D. Tex. 1984); *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983). In section A, the Court ordered Jaguars not to retaliate or change the working relationship for dancers who joined this lawsuit. Yet, that is exactly what Jaguars seeks to do by filing its counterclaims. Through its counterclaims, Jaguars is punishing dancers by forcing them to deal with a counterclaim against them if they join the lawsuit. Based on reports from dancers who have joined this lawsuit, Jaguars management is letting all the dancers know they will be countersued if they join the lawsuit.

8

In section B, the court ordered that the TSL, if signed, would have "no effect on your right to bring a claim for wages that are owed." *See id.* Yet, the counterclaim alleges damages based on the TSL that that court ordered had no effect on their rights to pursue their claims. Accordingly, Jaguars' counterclaims should be dismissed in their entirety.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court dismiss with prejudice Defendants' Counterclaims for Breach of Agreement – Offset Damages and for Unjust Enrichment – Offset (Alternatively) pursuant to Rule 12(b)(6), and for all other and further relief to which they may be justly entitled.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: \_/s/ Galvin B. Kennedy_____
    Galvin B. Kennedy
    gkennedy@kennedyhodges.com
    Texas State Bar No. 00796870
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

## **CERTIFICATE OF SERVICE**

I certify that this document was served on all parties via the Northern District's CM/ECF system on February 16, 2012 to following counsel of record:

Roger Albright
Law Offices of Roger Albright
3301 Elm Street
Dallas, Texas 75226-2562
**Attorney for Defendants**

Luke Lirot, Esq.
Law Offices of Luke Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
**Attorney for Defendant**

    /s/ Galvin B. Kennedy
    Galvin B. Kennedy