## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ERICA JONES, CRYSTAL WINTER and SELISHA BROOKS on Behalf of Themselves and on Behalf of All Others Similarly Situated,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:11-cv-02743-O** |
| **JGC DALLAS LLC and BRYAN SCOTT FOSTER,** | § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

## SUMMARY

1.      Defendants JGC Dallas LLC; JGC Tye, LLC; JGC Lubbock Gold, LLC; JGC Odessa Gold, LLC; Gold Suit, Inc.; JGC Harlingen, LLC; JGC Longview, LLC; JGC Edinburg, LLC; JGC Phoenix, LLC; JGC Beaumont, LLC; Kevin "Rich" Richardson; Bryan Scott Foster; and Rick's Cabaret International, Inc. (hereinafter "Defendants") required and/or permitted Erica Jones, Crystal Winter, and Selisha Brooks to work as exotic dancers at their adult entertainment clubs in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rates.   Additionally, Defendants required and/or permitted Jan Blake to work as a "house mom" but refused to compensate her at the applicable minimum wage and overtime rates. In fact, Defendants refused to compensate Erica Jones, Crystal Winter, Selisha Brooks, and Jan Blake (hereinafter "Plaintiffs") whatsoever for any hours worked.    Plaintiffs Jones's, Winter's, and Brooks's only compensation was in the form of tips from club

patrons.  Moreover, Plaintiffs were required to divide their tips with Defendants and other employees who do not regularly and customarily receive tips.  Therefore, Defendants have failed to compensate Plaintiffs at the federally-mandated minimum wage rate.

2.     Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

3.     Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. §§ 203, 206.

4.     Plaintiffs bring a collective action to recover the unpaid wages owed to themselves and all other similarly situated employees, current and former, of Defendants throughout the U.S.  Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.     Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' headquarters is located in this District.

## PARTIES AND PERSONAL JURISDICTION

7.     Plaintiff Erica Jones is an individual residing in Taylor County, Texas. Plaintiff's written consent to this action was previously filed with the Original Complaint.

8.      Plaintiff Crystal Winter is an individual residing in Taylor County, Texas.   Plaintiff's written consent to this action was previously filed with the Original Complaint.

9.      Plaintiff Selisha Brooks is an individual residing in Taylor County, Texas.   Plaintiff's written consent to this action was previously filed with the Original Complaint.

10.      Plaintiff Jan Blake is an individual residing in Taylor County, Texas. Plaintiff's written consent to this action was previously filed with the Court.

11.      The Class Members are all current and former exotic dancers who worked throughout the United States at one or more of Defendants' adult entertainment clubs at any time starting three years before this Complaint was filed up to the present.

12.      Defendant JGC Dallas LLC is a domestic limited liability company doing business in Dallas, Texas for the purpose of accumulating monetary profit.  Said Defendant has made an appearance in this case.

13.      Defendant JGC Tye, LLC is a domestic limited liability company doing business in Tye, Texas for the purpose of accumulating monetary profit.  Said Defendant has made an appearance in this case.

14.      Defendant JGC Lubbock Gold, LLC is a domestic limited liability company doing business in Lubbock, Texas for the purpose of accumulating monetary profit.  Said Defendant has made an appearance in this case.

15.      Defendant JGC Odessa Gold, LLC is a domestic limited liability company doing business in Odessa, Texas for the purpose of accumulating monetary profit.  Said Defendant has made an appearance in this case.

16.      Defendant Gold Suit, Inc. is a domestic corporation doing business in El Paso, Texas for the purpose of accumulating monetary profit.  Said Defendant has made an appearance in this case.

17.      Defendant JGC Harlingen, LLC is a domestic limited liability company doing business in Harlingen, Texas for the purpose of accumulating monetary profit. Said Defendant has made an appearance in this case.

18.      Defendant JGC Longview, LLC is a domestic limited liability company doing business in Longview, Texas for the purpose of accumulating monetary profit. Said Defendant has made an appearance in this case.

19.      Defendant JGC Edinburg, LLC is a domestic limited liability company doing business in Edinburg, Texas for the purpose of accumulating monetary profit.  Said Defendant has made an appearance in this case.

20.      Defendant JGC Beaumont, LLC is a domestic limited liability company doing business in Beaumont, Texas for the purpose of accumulating monetary profit. Said Defendant has made an appearance in this case.

21.      Defendant JGC Phoenix, LLC is a domestic limited liability company doing business in Phoenix, Arizona for the purpose of accumulating monetary profit. Said Defendant has made an appearance in this case.

22.      Defendant Bryan Scott Foster is an individual residing in Texas. Said Defendant has made an appearance in this case.

23.      Defendant Kevin "Rich" Richardson is an individual residing in Texas. Said Defendant has made an appearance in this case.

24.     Defendant Rick's Cabaret International, Inc. is a domestic for-profit corporation.  Defendant may be served process by serving its registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007.

25.     This Court has personal jurisdiction over Defendant Rick's Cabaret International, Inc. because it has purposefully availed itself of the privileges of conducting activities in the state of Texas and has established minimal contacts sufficient to confer jurisdiction over it.  The assumption of jurisdiction of Defendant Rick's Cabaret will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirement of due process.

26.     Defendant Rick's Cabaret International, Inc. has and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction.  Specifically, it conducts business in the Texas markets.  Additional, Defendant Rick's Cabaret International, Inc. advertises, employs workers, owns property, and contracts with residents and business in Texas.

27.     Further, the causes of action herein arise from or relate to the contacts of Defendant Rick's Cabaret International, Inc. with Texas residents and the violations that are the subject of this lawsuit occurred in Texas, thereby conferring specific jurisdiction over said Defendant as well.

## FLSA COVERAGE

28.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

29.     At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common

business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994).

30.     The Jaguars Gold Club is a family of gentlemen's clubs.  Indeed, they advertise themselves as such.[1]  The fact that they run each club identically and their customers can expect the same kind of entertainment service regardless of the location is Defendants' main advertising selling point.  In fact, Defendants use the identical "Club Info" and "Dress Code" information for every club location, including the one in Phoenix, Arizona.

31.     Defendants represent themselves to the general public as one club— Jaguars Gold Club—operating at multiple locations.  They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.  This is a family of clubs that advertises together on the same website, provides the same array of services to its customers, and uses the same gentlemen's club business model.  They share many of the same exotic dancers to draw in customers. The "Jaguars Gold Club" family of clubs exists under the control and direction of Defendants.  This family of clubs provides the same service product to its customers by using a set formula when conducting its entertainment business.  Part of that set formula is the wage violation alleged in this complaint.  These facts represent a classic example of "corporate fragmentation."

32.     Additionally, the Defendants are subject to common control and management as Bryan Foster and Kevin Richardson oversee all of the gentlemen clubs.

---

[1] On the Defendants' website, clicking on the links to each of the club's different locations brings one to the text: "The *Jaguars family* would like to invite you to experience the only Las Vegas style gentleman's club in South Texas." (emphasis added).

33.     Thus, the Defendants formed a "single enterprise" and are each liable for the violations of the other.

34.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

35.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

36.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

37.     Defendant Bryan Scott Foster is the owner and manager of the Jaguars Gold Clubs.

38.     Defendant Kevin Richardson is the "President of Operations for all of the different operational entities" doing business as Jaguars Gold Clubs.

39.     Defendants Foster and Richardson controlled the nature, pay structure, and employment relationship of the Plaintiffs and Class Members.

40.     Further, Defendants Foster and Richardson had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  Additionally, they were responsible for the day-to-day affairs of the clubs. In particular, they were responsible for determining whether the clubs complied with the Fair Labor Standards Act.

41.     As such, pursuant to 29 U.S.C. § 203(d), Defendants Foster and Richardson acted directly or indirectly in the interest of Plaintiffs' and Class Members' employment as their employer, which makes them individually liable under the FLSA.

42.     Defendant Rick's Cabaret International, Inc. has recently purchased Defendant JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, and Defendant JGC Phoenix, LLC.  Consequently, Defendant Rick's Cabaret International, Inc. is the successor corporation in interest to Defendant JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, and Defendant JGC Phoenix, LLC.

43.     There exists a substantial continuity of the same business operation between Defendant JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, Defendant JGC Phoenix, LLC and Defendant Rick's Cabaret International, Inc.

44.     In particular, Defendant JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, and Defendant JGC Phoenix, LLC and Defendant Rick's Cabaret International, Inc. operate from the same locations, use the same equipment, have the same customers, employ the same supervisors, and provide the exact same services.

45.     Plaintiffs and Class Members were employed by Defendants JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, or Defendant JGC Phoenix, LLC prior to the date those entities were obtained by Defendant Rick's Cabaret International, Inc.

46.     As such, Defendant Rick's Cabaret International, Inc. is liable for the violations committed by Defendant JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, and Defendant JGC Phoenix, LLC.

## FACTS

47.     Defendants operate various adult entertainment clubs throughout the United States under the name of Jaguars Gold Club.  Said locations include, but are not limited to their Texas locations in Abilene, Tye, Edinburg, El Paso, Harlingen, Longview, Lubbock, Beaumont and Odessa, as well as a Phoenix, Arizona location.

48.     Defendants employ exotic dancers and "house moms" at all of its aforementioned locations.

49.     Plaintiffs Jones, Brooks, and Winter are current and former exotic dancers at Defendants' adult entertainment clubs.

50.     Plaintiff Blake is a "house mom" for Defendants.

51.     The Plaintiffs work on a regular basis for Defendants' gentlemen establishments.

52.     The exotic dancers are compensated exclusively through tips from

Defendants' customers.  That is, Defendants do not pay the dancers whatsoever for any hours worked at their establishments.

53.     Furthermore, Defendants charge the dancers a "house fee" per shift worked.  Defendants also require the dancers to share their tips with non-service employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

54.     Finally, Defendants encourage their customers to tip the dancers using house certificates rather than cash. Under this system, customers purchase certificates from the club using their credit cards.  Customers then redeem the certificates for dances. When the dancers turn in the certificates to the clubs for cash, Defendants do not return the full value to them.  Instead, Defendants retain a portion of the tips.  This resulted in Defendants taking a portion of the tips that should have been paid to the dancer. This portion grossly exceeds the fee paid by the club as a merchant fee to the credit card companies.

55.     The "house moms" also do not receive any payment from the club. They work for tips from the dancers.  In fact, the clubs mandate that the dancers tip the "house moms."

56.     The "house moms" typically work over 40 hours each workweek.  Like the dancers, the "house moms" do receive pay from the clubs at the minimum wage rate specified under the FLSA and do not receive overtime pay.

57.     Defendants illegally classified the dancers and "house moms" as independent contractors.  However, at all times, the dancers and "house moms" were employees of Defendants.

58.     Defendants hired/fired, issued pay, supervised, directed, disciplined,

scheduled and performed all other duties generally associated with that of an employer with regard to the dancers and "house moms."

59.     In addition, Defendants instructed the dancers and "house moms" about when, where, and how they were to perform their work.

60.     The following further demonstrates the dancers' and "house moms'" status as employees:

a)      Defendants have the sole right to hire and fire the dancers and "house moms";

b)      Defendants required dancers and "house moms" to complete an employee application as a prerequisite to their employment;

c)      Defendants provided the dancers with music equipment and a performing stage;

d)      Defendants supervised the dancers and "house moms";

e)      Defendants scheduled dancers and "house moms" and as such had sole control over their opportunity for profit;

f)      Defendants apply a fine to the dancers if they failed to follow Defendants' schedule; and

g)      The dancers and "house moms" were hired as permanent employees and have worked for Defendants for years.

61.     Defendants misclassified the Plaintiffs and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

62.     Plaintiffs and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA.

63.     Although Plaintiffs and Class Members are required to and do in fact

frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

64.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.   Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA.

65.     On or about September 1, 2012, Defendant Rick's Cabaret International, Inc. acquired Defendant JGC Tye, LLC, Defendant JGC Lubbock Gold, LLC, Defendant JGC Odessa Gold, LLC, Defendant Gold Suit, Inc., Defendant JGC Harlingen, LLC, Defendant JGC Longview, LLC, Defendant JGC Edinburg, Defendant JGC Beaumont, LLC, and Defendant JGC Phoenix, LLC for a total consideration of approximately $26 million.

66.     The violations of the FLSA outlined in this complaint have continued after Defendant Rick's Cabaret International, Inc. completed the acquisition.  Those class members employed by Jaguars Gold Club at the time of this acquisition are now employees of Defendant Rick's Cabaret International, Inc.

## EQUITABLE TOLLING

67.     The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable.  *See Davis v. Johnson*, 158 F.3d 806, 811. (5th Cir. 1998).

68.     Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled the Plaintiffs into believing that it

was not required to pay them minimum wage and/or overtime for hours worked in excess of forty (40) hours per workweek.   Defendants coerced the Plaintiffs and the Class Members into believing that they were independent contractors.   Additionally, Defendants failed to place the necessary and required Department of Labor posters which inform workers of their rights.   Consequently, the Plaintiffs and Class Members were victims of fraud and unable to ascertain any violation taking place.

69.   Thus, the statute of limitations for the Plaintiffs and Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiffs' and Class Members' rights.   Plaintiffs therefore seek to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## <u>VIOLATION OF 29 U.S.C. § 207</u>

70.   Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

71.   Defendants' practice of failing to pay Plaintiffs and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

72.   None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

## <u>VIOLATION OF 29 U.S.C. § 206</u>

73.   Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

74.      Defendants' practice of failing to pay Plaintiffs and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.   Defendants do not compensate them whatsoever for any hours worked.

75.       None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

### PLAINTIFFS' RETALIATION CLAIM

76.      Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

77.      Shortly after Defendants were served with this lawsuit, Defendants began to take various actions in retaliation against the Plaintiffs and Class Members.

78.      The retaliatory acts include, but are not limited to the following:

a)      Attempting to force the Plaintiffs and Class Members to sign illegal agreements which purport to waive their rights under state and federal law, including the FLSA.

b)      Creating a hostile work environment for each Plaintiff that joins this lawsuit.

c)      Threatening and harassing several of the Plaintiffs for joining this lawsuit.

79.      In fact, Defendants fired at least two Plaintiffs – Jan Blake and Claudia Rede.

80.      Defendants have threatened further retaliation against any other person that seeks to join this lawsuit.

81.     Plaintiffs and Class Members have suffered and continue to suffer adverse employment action from Defendants that constitute direct acts of retaliation.

82.     All Plaintiffs and Class Members are protected from retaliation under the FLSA, which prohibits an employer from discharging or discriminating against any worker because the worker has filed a complaint against the employer. *See* 29 U.S.C. § 215(a)(3).

83.     A causal link exists between the filing of the present civil action and the retaliatory actions undertaken by Defendants. Defendants were aware that the present action was filed by Plaintiffs and immediately thereafter engaged in the aforementioned retaliatory actions.

84.     Defendants' retaliatory motive caused the actions taken by Defendants.

85.     Plaintiffs and Class Members have suffered damages as a result.

## **VIOLATION OF 29 U.S.C § 211(c)**

86.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

87.     Defendants failed to keep adequate records of Plaintiffs' and Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

88.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a)     The time of day and day of week on which the employees' work week begins;

b)      The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)      An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)      The hours worked each workday and total hours worked each workweek;

f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g)      The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)      The dates, amounts, and nature of the items which make up the total additions and deductions;

j)      The total wages paid each pay period; and

k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

89.      Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiffs and Class Members.  Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can

meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

90.     Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.  That is, Plaintiffs work with other dancers throughout Texas, including but not limited to the clubs in Dallas, Fort Worth, Abilene, Tye, Lubbock, Odessa, El Paso, Harlingen, Longview, Edinburg, and Beaumont.  As such, they have first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.  Furthermore, other exotic dancers at Defendants' various establishments have shared with them similar pay violation experiences as those described in this complaint.

91.     Other employees similarly situated to the Plaintiffs work or have worked for Defendants' gentlemen's club businesses, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

92.     Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

93.     The Class Members perform or have performed the same or similar work as the Plaintiffs.

94.     Class Members regularly work or have worked in excess of forty hours during a workweek.

95.     Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

96.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

97.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

98.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

99.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

100.    All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

101.    All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

102.    Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.

Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

103.    As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' current and former exotic dancers who worked at any of the Jaguars Gold Club locations at any time during the three years before this Complaint was filed up to the present.**

## DAMAGES SOUGHT

104.    Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

105.    Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

106.    Plaintiffs are also entitled to all of the misappropriated funds.

107.    Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

108.    Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

109.    Plaintiffs and Class Members are entitled to recover mental anguish damages as a result of the retaliation.

110.    Plaintiffs and Class Members are entitled to recover punitive damages.

111.    Plaintiffs and Class Members are entitled to recover damages that flow from their wrongful termination, including the amount of wages they would have earned if they had not been terminated.

**JURY DEMAND**

112.     Plaintiffs and Class Members hereby demand trial by jury.

**PRAYER**

113.     For these reasons, Plaintiffs and Class Members respectfully request

that judgment be entered in their favor awarding the following relief:

a.     Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.     All unpaid wages at the FLSA mandated minimum wage rate;

c.     All misappropriated funds;

d.     An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.     compensation for lost wages from reduced hours and termination;

f.     compensation for mental anguish;

g.     punitive damages;

h.     tolling of the statute of limitations;

i.     Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

j.     Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Galvin B. Kennedy_____
    Galvin B. Kennedy
    gkennedy@kennedyhodges.com
    State Bar No. 00796870
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS & CLASS MEMBERS

OF COUNSEL:
Don J. Foty
State Bar No. 24050022
dfoty@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served on all opposing parties by and through their attorney(s) of record via the Northern District's CM/ECF system on October 31, 2012.

    /s/ Galvin B. Kennedy_____
    Galvin B. Kennedy