**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERICA JONES, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-2743-O** |
| | § | |
| **JGC DALLAS LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated February 17, 2012, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Plaintiffs' Motion to Conditionally Certify Collective Action and Authorize Notice*, filed March 2, 2012 (doc. 51). Based on the relevant filings and applicable law, the motion to conditionally certify and to authorize notice should be **GRANTED.**

## I. BACKGROUND

This is a putative collective action suit by alleged current and former employees to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (*See* doc. 35.) Erica Jones, Crystal Winter, and Selisha Brooks (Plaintiffs)[1]

---

[1] Jones, Winter, and Brooks are the original plaintiffs. (*See* doc. 1.) Ashley L. Cowart, Claudia Rede, Brandy Richbourg, Krysta L. Lehman, LaSandra Turner, Debra Arnett, Esther Eliazo, Jan Blake, Natasha Cargile, Bridgette Batch, Kirstina Moore, Naomi Sepeda, Makeysha Isaac, Bianca Cadena, Joanna Victorino, Surrynna Nabarette, Amanda Vaughn, Christina Alexander, Christina M. Nguyen, Angela Watson, Amy Pogorelec, Jinnene Kelly and Sabrina McGregor subsequently opted in as plaintiffs and their claims remain before the Court. (*See* docs. 6; 7; 8; 15; 32, 36; 37;  41; 46; 62; 63; 70; 83; 100.)

work or formerly worked as exotic dancers at Jaguar Gold Clubs (JGC)[2] throughout Texas and in Phoenix, Arizona. (*See* docs. 53-3; 53-4; 53-5.) They are suing JGC's member clubs, its owner and manager, Bryan Scott Foster, and its president of Operations, Kevin Richardson (collectively Defendants). (*See* doc. 35.) Plaintiffs allege that Defendants misclassified them as independent contractors to avoid the obligation to pay them minimum and overtime wages in accordance with the FLSA, failed to pay them such wages, failed to keep adequate records of their work hours and pay, and retaliated against them for filing this suit. (*Id.*)

Defendants answered, denying liability and asserting counterclaims for breach of agreement, unjust enrichment, and breach of arbitration agreement. (*See* doc. 39.) They maintain that Plaintiffs were not employees; they were licensees, lessees, or independent contractors who worked for their own advantage on the premises of another. (*Id.* at 9-10, 15.)[3] According to Defendants, Plaintiffs performed at various JGC locations pursuant to a licensing and lease agreement called a Temporary Space Lease Agreement (TSL), or similar oral or written agreements or agreements in practice pursuant to which Plaintiffs collected and retained a portion of mandatory dance fees and all of their tips but were required to pay Defendants rent or other compensation. (*Id.* at 18-19.)

Plaintiffs have provided declarations from both class representatives and opt-in plaintiffs attesting to similarities in job duties and pay practices for exotic dancers at each of the JGC locations. (*See* docs. 53-3 through 53-7; 54-1 through 54-4; 55-1.) They averred that their primary job duties consisted of dancing on stage and performing individual dances for club customers. (*Id.*)

---

[2]  The JGC family of gentleman's clubs includes JGC Dallas LLC; JGC Tye, LLC; JGC Lubbock Gold, LLC; JGC Odessa Gold, LLC; Gold Suit, Inc.; JGC Harlingen, LLC; JGC Longview, LLC; JGC Edinburg, LLC; JGC Phoenix, LLC; JGC Beaumont, LLC. (*See* doc. 1 at 1.)

[3]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

None of the clubs paid them any compensation; instead, they had to pay a fee to the clubs for each shift they worked. (*Id*.) Plaintiffs testified that JGC required dancers to share tips with noneligible employees such as disc jockeys (DJs), house moms, and/or managers. (*Id*.) JGC also set the rates to be paid for dances and encouraged customers to pay with house certificates/chips, which resulted in JGC retaining a greater portion of the dancers' tips.[4] (*Id*.)

Plaintiffs now move for conditional certification of a collective action and for court-authorized notice to potential plaintiffs. (*See* docs. 51; 52.) With a timely-filed response and reply, this motion is ripe for consideration. (*See* docs. 75; 76.)

## II. CONDITIONAL CERTIFICATION

Plaintiffs move to conditionally certify a class of potential collective action plaintiffs comprised of exotic dancers employed at JGC member clubs from October 14, 2008 to the present (e.g., within three years of the filing of this case), regardless of their classification as employees or independent contractors. (Doc. 51 at 1.) They also move for authorization to provide written notice of the action to potential plaintiffs. (*Id*.)

## A.    Collective Action Certification Under § 216(b)

The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). This type of collective action follows an "opt-in" procedure in which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in

---

[4] Customers purchased house certificates/chips with credit cards, and then redeemed the certificates/chips for dances. Dancers turned in the certificates/chips for cash, but JGC did not pay out the face value of the certificates/chips. Plaintiffs testified that the portion retained by JGC "grossly" exceeded the merchant fee paid to credit card companies. (Doc. 52 at 8.)

writing to become such a party and such consent is filed in the court in which such action is brought."[5]  *Id.*

Under the FLSA, courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit.  *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the two-stage approach used by many courts.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp.2d 618, 621 (N.D. Tex. 2008) (noting that district courts in the Northern District of Texas apply the two-stage test).[6]  This two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage.  *Mooney*, 54 F.3d at 1213-14.

At the "notice" stage, a plaintiff files a motion to authorize notice of the lawsuit to potential class members.  *Id.*  The evidentiary standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ."  *Id.* at 1214 n. 8.  However, a court should be mindful of the "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation."  *Severson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991).  If the motion is granted, the district court will

---

[5]  Section 216(b) actions differ from Fed. R. Civ. P. 23 class actions in that members of the class are permitted to "opt-in" rather than "opt-out" of the class.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).  Rule 23 and § 216(b) class actions are "mutually exclusive and irreconcilable," and those who choose not to opt-in to a class action under § 216(b) are not bound by, and may not benefit from, the judgment.  *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975) (per curiam).

[6]  Although *Mooney* addressed the collective action procedure under the Age Discrimination in Employment Act (ADEA), it applies in the FLSA context because the ADEA explicitly incorporates 29 U.S.C. § 216(b).  *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp.2d 807, 809 n. 7 (S.D. Tex. 2003).

4

conditionally certify the class so that putative class members are given notice and the opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id.* Once discovery is complete, the case proceeds to the second stage of litigation, in which the court revisits the issue of certification, usually when the defendant files a motion to decertify the class. *Id.*

### 1. Notice Stage:  Similarly Situated Plaintiffs

Plaintiffs contend that the pleadings and declarations submitted demonstrate that a class of similarly situated potential plaintiffs exists, and that conditional certification and notice to putative class members is proper. (Doc. 52 at 14-16.) Defendants respond that Plaintiffs have not identified a claim appropriate for FLSA adjudication because they cannot show the existence of an employer/employee relationship. (Doc. 75 at 5, 11-12.) In the alternative, they contend that Plaintiffs have not met their burden of showing that Plaintiffs and potential class members are similarly situated; they argue that the classification of dancers as independent contractors is not a violation of the FLSA, and Plaintiffs therefore cannot show the existence of a pay policy common to the proposed class. (*Id.* at 5, 11-13.) Finally, they urge that Plaintiff's request for court-authorized notice is moot and/or intended as an improper fishing expedition. (*Id.* at 6-9, 14-17.)

In order to demonstrate that conditional certification and notice to potential plaintiffs is proper,

> a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) [ ] those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) [ ] those individuals want to opt in to the lawsuit.

*Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, *4 (S.D. Tex. Nov. 19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). To determine

whether the requisite showing has been made, courts look to the similarity of job requirements and pay provisions and at whether the putative class members appear to be possible victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp.2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, 2003 WL 22097250, at *1 (W.D. Tex. Aug. 21, 2003). Courts may also consider whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *See H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

Here, Plaintiffs provided declarations from both class representatives and opt-in plaintiffs attesting to similarities in job duties and pay practices for exotic dancers at each of the JGC locations. (*See* docs. 53-3 through 53-7; 54-1 through 54-4; 55-1.) They averred that their primary job duties consisted of dancing on stage and performing individual dances for club customers. (*Id.*) They claim that dancers were improperly classified as independent contractors and were therefore not paid any wages, let alone minimum wages or overtime compensation at the federally required rate. (*Id.*) Plaintiffs testified that JGC required dancers to share tips with noneligible employees such as DJs, house moms, and/or managers. (*Id.*) They maintain that every JGC location imposed the same pay practice on dancers, thereby resulting in identical FLSA violations. (*Id.*) Finally, since the filing of the complaint, more than twenty additional putative class members have opted into the lawsuit. (*See* docs. 6; 7; 8; 15; 32; 36; 37; 41; 46; 60; 62; 63; 70; 83; 100.) Although Plaintiffs did not submit declarations from other potential plaintiffs or identify them by name, they did testify that they knew of many dancers who would like to join the lawsuit. (*See* docs. 53-3 through 53-7; 54-1 through 54-4; 55-1.) This is probative of potential class members' desire to join the litigation. Plaintiffs have met their lenient burden of providing sufficient evidence that they are similarly

situated to the intended notice recipients.  *Mooney*, 54 F.3d at 1213-14.[7]

Defendants argue that this case is not appropriate for adjudication as a collective action because Plaintiffs cannot demonstrate the requisite employer/employee relationship.  (Doc. 75 at 5, 11-12.)  This is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action.  *See Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 WL 730155, *6 (S.D. Tex. Feb. 22, 2010); *Krueger v. New York Tel. Co.*, No. 93 CIV. 0178 (LMM), 1993 WL 276058, *2 (S.D.N.Y. July 21, 1992) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.").

Defendants further contend that Plaintiffs' request for notice is moot because *de facto* conditional certification has been granted and notice has already been given.  (*Id*. at 6-9, 14-17.)  They urge that Plaintiffs' notice request is nothing more than an effort to stir up litigation.  (*Id*.)  They point to the December 28, 2011 order directing Defendants to post on their premises, and to mail, a notice advising their current and former dancers of FLSA's anti-retaliation provision and that their signatures on a TSL had no effect on the right to bring a claim for wages owed.  (*Id*.; *see also* doc. 31.)  The prior notice differs materially from the proposed collective action notice.  (*See* doc. 31; 53-1.)  It included no detailed explanation of Plaintiffs' claims, no explanation of how to opt in to the lawsuit and no consent form.  The prior notice is not equivalent to notice of a collective

---

[7] Notably, district courts in other circuits have granted conditional certification under the two-stage approach in cases involving exotic dancers who alleged misclassification as independent contractors.  *Nesselrodte v. Underground Casino & Lounge, LLC*, No. 3:11-CV-902, 2012 WL 4378163, *3 (N.D. W.Va. Sept. 25, 2012) (Mag. J.); *Rafeedie v. L.L.C., Inc.*, No. A-10-CA-743 LY, 2011 WL 5352826, *1 (W.D. Tex. Nov. 7, 2011) (Mag. J.); *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256354 (W.D. La. Nov. 24, 2010) (recommendation of Mag. J.), *adopted by* 2010 WL 5256348, * (Dec. 15, 2010); *In re Penthouse Executive Club Compensation Litigation*, No. 10 Civ. 1145(NRB), 2010 WL 4340255, *1-3 (S.D.N.Y. Oct. 27, 2010); *Clincy v. Galardi South Enterprises, Inc.*, 1:09-CV-2082-RWS, 2010 WL 966639, *2-3 (N.D.Ga. Mar. 12, 2010).

action, *de facto* or otherwise.[8]  Moreover, because Plaintiffs have satisfied the criteria for conditional

certification, there is no likelihood of "unwarranted solicitation."  *Severtson*, 137 F.R.D. at 267.

   In conclusion, the Court should conditionally certify a class of all current and former exotic

dancers in JGC member clubs from October 14, 2008 to the present.  Because the record is

incomplete, no definitive determination regarding whether putative class members are similarly

situated can be made.  After the potential opt-in plaintiffs have filed their notices of consent, any

motion filed by Defendants to decertify the class will be considered.

### 2.     Form and Method of Notice

   Plaintiffs contend that the proposed notice to class members should be approved because it

is timely, accurate, and informative.  (Doc. 52 at 22-23.)  They further urge that notice via regular

mail and email is proper, and they ask that class members be given the option of executing their

consent forms online via an electronic signature service.  (*Id.*)  Although Defendants object to

notice, they do not take issue with the form or contents of the notice, the proposed delivery method,

or manner of consent.  (*See* Doc. 75.)

   Judicial approval of the form, content, and delivery method for a collective action notice is

appropriate.  *Sperling*, 493 U.S. at 171.  Courts have a duty to oversee the notice process to "ensure

that it is timely, accurate, and informative."  *Id*. at 172.

   Plaintiffs propose to send notice to potential plaintiffs twice.  (*Id.*)  They plan to send the first

notice within 7 days of receiving a mailing list with names and contact information, and the second

notice would go out 30 days after the initial notice.  (*Id.*)  Consent forms would be due 60 days after

---

[8]  Defendants also argue that the allegedly poor response of putative class members to the required notice is
indicative of a lack of interest in joining the action.  (Doc. 75 at 10, 23, 26.)  Because the notice posted by
Defendants was not a collective action notice pursuant to § 216(b), such an inference is improper.

the initial mailing.  (*Id.*)  The proposed notice advises putative class members of the pending litigation, describes the legal and factual basis of Plaintiffs' claims, informs class members of the right to opt in and that participation in the suit is voluntary, and provides instructions on how to opt-in.  (*See* doc. 53-1.)  It also advises putative class members that retaliation and/or discrimination for participation in an FLSA action is prohibited.  (*Id.*)  The notice is therefore timely, accurate and informative.

The attached form of notice should be approved by the Court, as should Plaintiffs' request to provide notice to the conditionally certified class via regular mail and email in the manner described above. [9]  Class members should be provided the option of executing their consent forms online via an electronic signature service.

## III.  CONTACT INFORMATION

To facilitate collective adjudication of the case, Plaintiffs move for entry of an order compelling Defendants to provide Plaintiffs' counsel with the names, last known addresses, phone numbers (home and mobile), email addresses (work and personal), dates of birth and dates of employment for all putative class members.  (Doc. 52 at 5, 23-24.)

In *Sperling*, the United States Supreme Court found that a district court properly permitted discovery of contact information for potential class members for purposes of facilitating notice in

---

[9]  Notice via email has been found appropriate in FLSA cases.  *See Ahmed v. T.J. Maxx Corp.*, No. CV 10-3609(ADS)(ETB), 2012 WL 5507329, *6 (E.D.N.Y. Nov. 14, 2012) (Mag. J.),  (approving email notice in FLSA case); *Denney v. Lester's, LLC*, No. 4:12CV377 JCH, 2012 WL 3854466, *4 (E.D. Mo. Sept. 5, 2012) (same); *Butler v. DirectSAT USA, LLC*, ___ F. Supp.2d ___, 2012 WL 1203980, *10 (D. Md. April 10, 2012) (same); *Alexander v. CYDCOR, Inc.*, No. 1:11-CV-01578-SCJ, 2012 WL 1142449, *9 (N.D. Ga. Apr. 6, 2012) (same); *McInnis v. Ecolab Inc.*, No. 11-02196 (SRN/JJK), 2012 WL 892187, *4 (D. Minn. Feb. 17, 2012) (recommendation of Mag. J.) (same), *adopted by* 2012 WL 892192 (Mar. 15, 2012); *Pippins v. KPMG LLP*, No. 11 Civ. 0377(CM)(JLC), 2012 WL 19379, *14 (S.D.N.Y. Jan. 3, 2012) (same); *Santiago v. Amdocs, Inc.*, No. C 10-4317 SI, 2011 WL 6372348, *8 (N.D. Cal. Dec. 19, 2011) (same); *Beall v. Tyler Technologies, Inc.*, No. 2-08-C-422 (TJW), 2009 WL 3064689, *2 (E.D. Tex. Sept. 23, 2009) (same)

an FLSA case:

> The District Court was correct to permit discovery of the names and addresses of the . . . employees. Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that **the discovery was relevant to the subject matter of the action** and that there were no grounds to limit the discovery . . . .

493 U.S. at 170 (emphasis added).   Since *Sperling*, courts have routinely granted discovery of identity and contact information for putative plaintiffs once a request for conditional certification has been granted.  *See Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601, 607 (S.D. Tex. 2005); *Black v. Settlepou, P.C.*, 3:10-CV-1418-K, 2011 WL 609884, *3 (N.D. Tex. Feb. 14, 2011); *Eggelston v. Sawyer Sportsbar, Inc.*, No. 4:09-3529, 2010 WL 2639897, *4 (S.D. Tex. June 28, 2010); *Beall*, 2009 WL 3064689, *1;

Here, conditional certification has been found to be appropriate.  Discovery of the names and contact information of potential plaintiffs is therefore proper.  *See Sperling*, 493 U.S. at 170.

**A.     Rule 26**

Defendants oppose Plaintiffs' request on grounds that the information sought is not relevant to the claim or defense of any party as required for purposes of Rule 26.  (Doc. 75 at 3, 15-23.)

Rule 26(b)(1) provides for discovery of :

> any nonprivileged matter that is **relevant to any party's claim or defense**–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  **For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.**

Fed. R. Civ. P. 26(b)(1) (emphasis added).  The "good cause" determination is committed to the discretion of the court, and "[w]hat constitutes 'good cause' is decided on the facts of each individual case . . . ."  *United States v. National Steel Corp.*, 26 F.R.D. 607, 609 (S.D. Tex. 1960).

Facilitation of notice to potential class members in a collective action under § 216(b) has been found to constitute good cause for purposes of Rule 26. *See Burdine v. Covidien, Inc.*, No. 1:10-CV-194, 2011 WL 613247, *2 (E.D. Tenn. Feb. 11, 2011) (Mag. J.) (finding good cause to permit *pre-certification* discovery of potential plaintiffs' contact information in FLSA case); *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94(ARR), 2010 WL 7132173, *3 (E.D.N.Y. May 27, 2010) (Mag. J.) (citing *Sperling*, 493 U.S. at 170) (recognizing that discovery of the names and addresses of employees is proper when a collective action has been conditionally certified).

Defendants cited no cases in which a court sustained an objection to a plaintiff's request for putative class members names and contact information on relevance grounds once conditional certification had been granted. Many of the cases cited by Defendants involved plaintiffs' requests for putative class members' contact information prior to a grant of conditional certification. *See, e.g., Palmer v. Convergys Corp.*, No. 7:10-CV-145 (HL), 2011 WL 1326183, *1 (M.D. Ga. Apr. 6, 2011); *Levine v. Gunther Motor Co. of Plantation, Inc.*, No. 10-618120-CIV, 2010 WL 5140590, *3 (S.D. Fla. Dec. 9, 2010) (Mag. J.); *Boykin v. Comerica Management Co, Inc.*, No. 09-CV-10234-AA, 2009 WL 2222899, *3 (E.D. Mich. July 22, 2009) (Mag. J.).   In *Knutson v. Blue Cross and Blue Shield*, the plaintiff attempted to discover potential plaintiffs' contact information *after* her motion for conditional certification had been denied without prejudice.  254 F.R.D. 553, 555 (D. Minn. 2008).  In other cases, the plaintiffs wholly failed to make the showing necessary to warrant conditional certification and notice. *Valcho*, 574 F. Supp.2d at 622; *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp.2d 663, 669-70 (N.D. Tex. 2007); *Hall v. Burk*, No. 3:01CV2487H, 2002 WL 413901, *3 (N.D. Tex. Mar. 11, 2002); *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995); *Severtson*, 137 F.R.D. at 267.  Still other cases bore no connection to § 216(b) and the

11

facilitation of notice in a collective action. *Douglas v. Talk America, Inc.*, 266 F.R.D. 464, 467 (C.D. Cal. 2010) (Mag. J.); *E.E.O.C. v. Renaissance III Org.*, No. 3:05-CV-1063-B, 2006 WL 832504, *1 (N.D. Tex. Mar. 30, 2006) (Mag. J.).

Here, conditional certification is proper, and there is good cause to extend the scope of discovery to matters relevant to the subject matter of the action. *Burdine*, 2011 WL 613247, *2; *Charles*, 2010 WL 7132173, *3. Plaintiffs' request for the names and contact information for potential class members is relevant to the subject matter of the action. *Sperling*, 493 U.S. at 170. Defendant's objection to Plaintiffs' request is overruled.

**B.      Privacy Rights**

Defendants also object to the requested discovery on grounds that it violates the privacy rights of dancers. (*Id*. at 10, 23-27.) They contend that the information sought (names and contact information for dancers at Defendants' member clubs from October 14, 2008 to the present) could cause irreparable damage to dancers due to the nature of their work in the adult entertainment industry, a professional association that some dancers may have gone to great lengths to conceal. (*Id*.) Plaintiffs respond that court-authorized notice of a collective action has been approved by the Supreme Court and adopted by the Fifth Circuit. (Doc. 76 at 11-12.)

When a discovery objection is premised on an invasion of privacy, "the Court's role is to balance the person's 'legitimate claims of privacy against the need of the opponent for the discovery.'" *Choate v. State Farm Lloyds*, No. 3:03-CV-2111-M, 2005 WL 1109432, *3 (N.D. Tex. May 5, 2005) (citing *Cockrum v. Johnson*, 917 F. Supp. 479, 482 (E.D. Tex. 1996)). Only information that a reasonable individual would choose not to publicly disclose is subject to protection. *Halloran v. Veterans Admin.*, 874 F.2d 315, 321 (5th Cir. 1989). In *Tomassi v. City of*

*Los Angeles*, a collective action under § 216(b), the district court found that the disclosure of contact information did not interfere unduly with the right to privacy, and that the plaintiffs' need for names and addresses of potential class members outweighed the asserted privacy interest.  No. CV 08-1851 DSF (SSx), 2008 WL 4722393, *3-4 (C.D. Cal.  Oct. 24, 2008).

Here, Plaintiffs cannot adequately notify class members of the lawsuit and advise them of the right to opt in without the information.  *Choate*, 2005 WL 1109432, *3; *Cockrum v. Johnson*, 917 F. Supp. at  482.  Moreover, Defendants' objection does not really target the disclosure of *the names and contact information* to Plaintiffs. Instead, they argue that the *use* of the information to provide *notice* of this lawsuit to class members *could* or *might* result in the undesired revelation of their connection to the adult entertainment business.  Defendants have identified no cases in which a court refused to facilitate notice in a collective action pursuant to § 216(b) based on the alleged stigma of being identified as part of the class.  Defendants have not met their burden of showing that the disclosure of the dancers' names and contact information implicates a serious invasion of privacy that outweighs Plaintiffs' need for the information.  *Tomassi*, 2008 WL 4722393 at *3.

However, Plaintiffs have not demonstrated a need for information beyond names, mailing addresses and email addresses.  *See Steinberg v. TD Bank, N.A.*, 2012 WL 2500331, *10 (D.N.J. June 27, 2012) (denying request for telephone numbers, social security numbers and dates of employment absent a showing that notice by mail was insufficient); *Aguilar v. Complete Landsculture, Inc.*, No. 3:04CV0776D, 2004 WL 2293842, *3 (N.D. Tex. Oct. 7, 2004) (limiting discovery of putative class members contact information to names and addresses because notice was to be provided only by mail).  Therefore, Defendants are not obligated to provide telephone numbers, dates or birth or dates of employment for potential class members.

## IV.  RECOMMENDATION

Plaintiffs' motion to conditionally certify collective action and to authorize notice should be **GRANTED**.  The Court should further order as follows: (1)  Defendants shall provide Plaintiffs with a list of the names, last known mailing addresses, and email addresses of all exotic dancers who worked at Defendants' member clubs between October 14, 2008 and the present in a computer readable format within fourteen (14) days from the date of the order; (2) the notice provided to potential class members should conform to the proposed form of notice (which is attached to this recommendation); (3) notice to potential plaintiffs should be provided twice, once within 7 days of receiving a mailing list with names and contact information with a second notice to follow 30 days after the initial notice; (4) potential plaintiffs should be given notice of the lawsuit and their right to opt in via first class mail and e-mail, and they should be given the option of executing their consent forms online via an electronic signature service; and (5) potential plaintiffs may submit their consent forms via mail or electronic signature no later than 60 days after the initial mailing.

**SO RECOMMENDED on this 29th day of November, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE