IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA JONES et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-cv-2743-O |
| | § § | |
| JGC DALLAS LLC et al., | § § | |
| Defendants. | § § § | |

**ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusion, & Recommendation ("FCR"), ECF No. 230. The Magistrate Judge recommended that the Court grant the joint motion to approve the settlement agreement (ECF No. 220), but the attorneys' fee award should be limited to 30% of the common fund. Plaintiffs objected only to the recommendation that attorneys' fees be reduced from the 40% counsel requested to 30%. *See* Pls.' Objection, ECF No. 232. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made.

**I.    BACKGROUND**

On October 14, 2011, Plaintiffs brought this suit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). A more comprehensive recitation of the facts, which the Court accepts as true, is laid out in the Magistrate Judge's Findings. *See* ECF No. 230. In August 2013, the parties sought to stay the action pending mediation. Agreed Mot. Stay Pending Mediation, ECF No. 201. On April 27, 2014, the parties filed the instant joint motion for the Court to approve

the parties' settlement agreement. Joint Mot. Approval Settlement Agreement ("Settlement Agreement"), ECF No. 220.

The United States Magistrate Judge approved the Settlement Agreement, except she recommended that the Court reduce the percentage of the common fund agreed to by Defendants that is set aside as attorneys' fees. *See* FCR 15, ECF No 230. Specifically, Plaintiffs' counsel suggested that they be granted 40% of the common fund as a reasonable attorneys' fee, and the Magistrate Judge recommended reducing the percentage to 30%. Settlement Agreement 8, ECF No. 220; FCR 15, ECF No. 230. Plaintiffs filed objections, but only objected to the reduction in attorneys' fees. *See* Pls.' Objection, ECF No. 232.

## II.  LEGAL STANDARD

"The Court must carefully scrutinize the attorneys' fees award in a common fund settlement because the interest of the attorneys conflict with those of the class[ ]." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 673 (N.D. Tex. 2010) (Fitzwater, C.J.) (citation and internal quotation marks omitted). Because the Court has a duty to review the fee request, it is not bound by the agreement of the parties as to the amount of the attorneys' fees. *Id.* (citing *Strong v. BellSouth Telecomm., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998). Generally, attorneys' fees are awarded as a percentage of the common fund settlement. *Manual for Complex Litigation (Fourth)* § 14.121 (2010). With the percentage method, the Court "determines an appropriate percentage of the overall recovery to award as a reasonable attorney's fee." *Klein*, 705 F. Supp. 2d at 673. Using the percentage method, attorneys' fees are often between 25% and 30% of the fund, with 25% representing a typical benchmark. *Manual for Complex Litigation (Fourth)* § 14.121 (2010).

In the Fifth Circuit, courts blend the percentage method with the analysis conducted in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Klein*, 705 F. Supp. 2d at 674. After determining the benchmark percentage, the Court will adjust the percentage upward or downward based on the *Johnson* factors. *Id.* The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

### III.   ANALYSIS

Counsel for Plaintiffs seeks 40% of the common fund offered by Defendants as a reasonable attorneys' fee. Settlement Agreement 8, ECF No. 220. The Court begins its analysis by setting the benchmark percentage. The Court finds that 30% is an appropriate benchmark recommended by the Manual for Complex Litigation. *See Manual for Complex Litigation (Fourth)* § 14.121 (2010). The Court next analyzes the *Johnson* factors to determine if an upward departure is appropriate. *Klein*, 705 F. Supp. 2d at 674. Additionally, the Court notes that not every factor need be considered, especially in common fund cases where not all factors are applicable.

Under the first factor, Plaintiffs' counsel argue that the time and labor put forth justifies an increase in the percentage. Pls.' Objection 3, ECF No. 232. Specifically, counsel contends that obtaining injunctive relief in this action merits an upward departure because it "paved the way for

3

nearly 200 dancers to join this lawsuit without fear of reprisal from their employer." *Id.* at 4. Counsel additionally points to the work done during discovery, related arbitration, and defending counterclaims. *Id.* at 5-6. The Court recognizes the time and labor that Plaintiffs' counsel put forth during the three years of litigation, including obtaining injunctive relief and securing a favorable settlement. Accordingly, the Court finds that an upward departure is warranted for time and labor as well as for the result obtained.

Next, under the second and third factors, Plaintiffs' counsel argue that this action was more complex than the standard FLSA case and required additional skill to properly render legal services. *Id.* at 7-8. Counsel also discusses the preclusion of other employment, counsel's experience reputation, and ability, the undesirability of the case, and the awards in similar cases. *Id.* at 8-12. The Court finds that these factors do not merit an upward departure. Additionally, the Court finds that the customary fee, whether the fee is fixed or contingent, the time limitations imposed by Plaintiffs, and the nature and length of the professional relationship with Plaintiffs are not relevant factors for the Court's inquiry. The Court therefore finds that an upward departure from the benchmark 30% is appropriate.

## IV.     CONCLUSION

Based on the foregoing, the Court **SUSTAINS** Plaintiffs' counsel's objection and **ACCEPTS in part** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, it is **ORDERED** that the remaining Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted as the findings of the Court. The Court **APPROVES** the parties' Settlement Agreement (ECF No. 220) and sets the percentage for attorneys' fees to be awarded from the common fund to **33.33%**. The Court shall issue its Final Judgment separately.

**SO ORDERED** on this **24th day of December, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**